UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

———

ABDUL J. BABA,                            )
                                          )
                  Plaintiff,              )        Case No. 4:06-cv-39
                                          )
v.                                        )        Honorable Robert Holmes Bell
                                          )
RICHARD MILLS, et al.,                    )
                                          )        **REPORT AND RECOMMENDATION**
                  Defendants.             )
_____  )


This is a civil rights action brought by a *pro se* plaintiff pursuant to 42 U.S.C. § 1983.

Plaintiff's complaint is brought against three employees of the State of Michigan, alleged to be

"unsworn special agents of the Treasury Enforcement Team of the Michigan State Police." (Compl.

¶ 10). The claims in plaintiff's complaint arise from an investigation of plaintiff's activities as the

owner of a business known as "The Pawn Shop" located in Mt. Pleasant, Michigan. The series of

events begins in 1998, when defendant Richard Mills began investigating plaintiffs business

operation, continues through the execution of one or more search warrants in 1999, the institution

of criminal tax charges in the year 2000, and the ultimate dismissal of those charges by the state

circuit court in May 2001.

Presently pending before the court is the motion of defendant Bill Murley to dismiss

the complaint on the ground of the statute of limitations. (docket # 10). Although the court entered

an order on June 14, 2006, notifying plaintiff of his opportunity to respond to the motion (docket #

13), plaintiff has not done so, and the time for response has long expired. By order of reference

dated April 13, 2006 (docket # 2), Chief Judge Robert Holmes Bell referred this matter to me for all pretrial purposes, including the entry of a report and recommendation on all dispositive matters pursuant to 28 U.S.C. § 636(b)(1)(B).  After review of plaintiff's complaint, I conclude that the claims against defendant Murley are barred by the three-year statute of limitations applicable to section 1983 claims.

## Allegations of the Complaint

The complaint recites a long series of events beginning in 1998, when defendant Richard Mills received a complaint from a customer concerning a transaction at plaintiff's place of business in Mt. Pleasant, Michigan.  Mills thereafter began investigating plaintiff on a number of grounds, including possible violation of the Michigan Pawn Shop Act and tax violations.  The allegations concerning defendant Bill Murley begin on February 26, 1999, when state agents executed search warrants directed to plaintiff's business and residence.

Plaintiff alleges that during the execution of the search, Murley had the responsibility of photographing the interior of the building and the contents at the beginning of the search. (Compl. ¶ 52).  At the conclusion of the search, all the items seized were removed from the store and placed in an unmarked State Police car assigned to Murley.  Shortly thereafter, officers searched a safe deposit box at plaintiff's bank, and Murley was again summoned to photograph the contents.  (*Id.*, ¶¶ 55-65).  Officers then returned to the store with plaintiff's wife.  Upon seeing plaintiff's wife, Murley is alleged to have "panicked" and dropped a box that he was taking to his car.  The box was allegedly full of merchandise "not related to the search warrant."  (*Id.*, ¶ 70).  At the conclusion of the searches, officers returned to the State Police Post for debriefing.  Murley is alleged to have

driven his assigned State Police car, with all the seized items, to his home, where the car and the items remained over the weekend.  (*Id.*, ¶ 73).  Plaintiff alleges that Murley then claimed that two computers seized from plaintiff's business were not among the items in Murley's possession.  (*Id.*, ¶ 74).  All of the factual allegations concerning defendant Murley span the time period February 26 through March 1, 1999.

On the basis of the foregoing allegations, plaintiff names Murley in count 2 of the complaint.  In that count, plaintiff alleges that Murley participated in seizing property that was outside the scope of the search warrant. (Compl. ¶ 110).  He also alleges that through Murley's gross negligence, jewelry worth over $250,000 and computers containing material evidence were lost. (*Id.*, ¶¶ 114-117).  Finally, plaintiff asserts that Murley failed to take photographs at the conclusion of the search and thereby deprived plaintiff of "graphic evidence of what was and was not taken during the search."  (*Id.*, ¶ 118).

## Discussion

Read with the utmost liberality, plaintiff's *pro se* complaint states a claim against defendant Murley under the Fourth Amendment for unlawful search and seizure.  Even when officers are acting pursuant to a valid search warrant, they are required to execute the warrant reasonably and may not exceed the terms of the warrant when conducting a search.  *See, e.g., Shamaeizadeh v. Cunigan*, 338 F.3d 535, 554 (6th Cir. 2003); *United States v. King*, 227 F.3d 732, 753 (6th Cir. 2000).  Plaintiff's allegation that Murley seized items not specified by the search warrant would appear to state a claim under this principle, although many of plaintiff's other allegations are not cognizable under the Fourth Amendment.

Assuming a valid Fourth Amendment claim, however, plaintiff was required to bring

that claim within the time allowed by the statute of limitations.  In *Wilson v. Garcia*, 471 U.S. 261

(1985), the Supreme Court held that federal courts must apply the statute of limitations governing

personal injury actions in the state in which a section 1983 action is brought.  471 U.S. at 275-76.

Thereafter, the Sixth Circuit Court of Appeals held that section 1983 claims arising in the State of

Michigan are governed by the three-year statute of limitations created by Mich. Comp. Laws §

600.5805 governing actions for injury to persons or property.  *Carroll v. Wilkerson*, 782 F.2d 44 (6th

Cir. 1986) (*per curiam*); *see Wolfe v. Perry*, 412 F.3d 707, 713-14 (6th Cir. 2005).[1]

Accrual of a claim for relief, however, is a question of federal law.  *Collyer v.

Darling*, 98 F.3d 211, 220 (6th Cir. 1996).  Typically, the statute of limitations for filing an action

alleging an unconstitutional search or seizure begins to run at the time of injury, when the plaintiff

becomes aware of the unconstitutional action.  *See Wolfe*, 412 F.3d at 714.  The allegations against

defendant Murley all pertain to his acts and omissions surrounding the search of plaintiff's property

in early 1999.  The three-year limitations period ran on these claims in early 2002.

Section 1983 claims arising from allegedly malicious prosecution accrue upon

termination of the criminal proceedings in favor of the accused.  *Wolfe*, 412 F.3d at 715.  The tax

prosecution against plaintiff was dismissed in the circuit court on May 30, 2001.  Consequently, any

claims arising from the pendency of this criminal charge accrued at that point, and the statute expired

---

[1] 28 U.S.C. § 1658 created a "catch-all" limitations period of four years for civil actions arising under federal statute enacted after December 1, 1990.  The Supreme Court's decision in *Jones v. R.R. Donnelley & Sons Co.*, 541 U.S. 369 (2004), which applied this federal four-year limitations period to a suit alleging racial discrimination under section 1981, does not require a four-year statute for prisoner claims under 28 U.S.C. § 1983 because, while section 1983 was amended in 1996, prisoner civil rights actions under section 1983 were not "made possible" by the amended statute.  541 U.S. at 382.

three years later.  As plaintiff did not initiate the present action until April 10, 2006, all his claims against defendant Murley are time-barred.

With regard to defendants Mills and Ward, I note that the 120-day period for service of process on them has long expired.  FED. R. CIV. P. 4(m).  Plaintiff did attempt to serve defendant Ward, but served the wrong person.  As a result, the court dismissed the wrongly served party and required plaintiff to notify the court "no later than July 14, 2006," of defendant Ward's proper address, so that service could be effected.  (*See* Orders, docket #'s 7, 14).  Plaintiff did not respond to the court's orders.  Under Rule 4(m), if service is not made upon a defendant within 120 days after the complaint is filed, the court shall, after notice to the plaintiff, dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time.  *See Nafziger v. McDermott Int'l, Inc.*, No. 05-4181, ___ F.3d ___, 2006 WL 2987778, at * 6 (6th Cir. Oct. 20, 2006); *see also Turner v. City of Taylor*, 412 F.3d 629, 650 (6th Cir. 2005) (plaintiff seeking reissuance of a summons more than 120 days after the filing of the complaint "must show that his failure to act was the result of excusable neglect.") (citing FED. R. CIV. P. 6(b)).  This report and recommendation shall serve as notice to plaintiff that the court may dismiss the action as to defendants Ward and Mills, unless plaintiff shows cause within ten days hereof why he should not be allowed a further specified time to effect service.

## Recommended Disposition

For the foregoing reasons, I recommend as follows:

A.      The motion of defendant Bill Murley to dismiss on the ground of statute of

limitations (docket # 10) should be granted, and the complaint against him should be dismissed with

prejudice.

B.      The action against defendants Mills and Ward should be dismissed without

prejudice under Rule 4(m), unless plaintiff can show good cause for an extension of time in which

to effect service.


Dated:   October 27, 2006                          /s/  Joseph G. Scoville
                                                    United States Magistrate Judge



## NOTICE TO PARTIES

Any objections to this Report and Recommendation must be filed and served within
ten days of service of this notice on you.  28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b).  All
objections and responses to objections are governed by W.D. MICH. LCIVR 72.3(b).  Failure to file
timely objections may constitute a waiver of any further right of appeal.  *See Thomas v. Arn*, 474
U.S. 140 (1985); *Neuman v. Rivers*, 125 F.3d 315, 322-23 (6th Cir.), *cert. denied*, 522 U.S. 1030
(1997); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).